## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| | ) | |
| **BRADLEY MARK BUTLER,** | ) | Chester County Chancery Court |
| | ) | No. 8796 |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C. A. NO. ~~02A01-9608-CH-00188~~ |
| | ) | |
| **PRINCE E. SPRADLIN and wife,** | ) | |
| **SYLVIA S. SPRADLIN**, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |
| | ) | |

**FILED**

**Feb. 4, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

### OPINION AND ORDER
_____

The purpose of this litigation was to establish the boundary line between property owned by the Plaintiff, Bradley Mark Butler, and the defendants, Prince E. Spradlin and Sylvia S. Spradlin. Each party presented several witnesses and exhibits including the testimony of their respective surveyors. Upon completion of the evidence, the chancellor made findings of fact including a finding that the plaintiff had established his title by a clear preponderance of the evidence. The court accepted the survey of Eddie Coleman, the surveyor who testified in behalf of the plaintiff, and established the property line according to the Coleman survey.

Our review of this matter is *de novo* on the record, with a presumption that the trial court's findings of fact are correct unless the preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P. The trial court, having had the opportunity to see and observe the witnesses, is accorded deference in determining their credibility.

Having reviewed this record in its entirety, we do not find the evidence to preponderate against the trial court's finding and therefore affirm in accordance with Rule 10(a)(1)(3)[1] of the Court of Appeals. Costs of this appeal are taxed to the appellants, for which

---

[1]**Rule 10 Court of Appeals - (a) Affirmance Without Opinion**. The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

(1) the Court concurs in the facts as found or as found by necessary implication by the

execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)


_____
LILLARD, J. (Concurs)

---

trial court.

. . . .

(3) no reversible error of law appears.